EILEEN M. DECKER
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
KATHARINE SCHONBACHLER
Assistant United States Attorney
Asset Forfeiture Section
California Bar No. 222875
    Federal Courthouse, 14th Floor
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-3172
    Facsimile: (213) 894-7177
    E-mail: Katie.Schonbachler@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>        v.<br><br>$573,054.97 IN BANK OF AMERICA FUNDS AND MISCELLANEOUS ITEMS,<br><br>    Defendants. | No. CV 15-07458<br><br>VERIFIED COMPLAINT FOR FORFEITURE<br><br>[18 U.S.C. §§ 981(a)(1)(C) and 984 and 19 U.S.C. §§ 1595a(c)(1)(A) and 2609(a)]<br><br>[C.B.P.] |

    The United States of America brings this claim against the defendants $573,054.97 in Bank of America Funds and Miscellaneous Items, and alleges as follows:

**JURISDICTION AND VENUE**

    1.    This is a civil forfeiture action brought pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 984 and 19 U.S.C. §§ 1595a(c)(1)(A) and 2609(a).

2.      This court has jurisdiction over the matter under 28 U.S.C. §§ 1345 and 1355.

3.      Venue lies in this district pursuant to 28 U.S.C. § 1395(a).

## PERSONS AND ENTITIES

4.      The plaintiff is the United States of America.

5.      The defendants are:

    a.      $573,054.97 in Bank of America Funds that United States Immigration and Customs Enforcement ("ICE") seized on August 9, 2010 pursuant to a federal seizure warrant from Bank of America Account ending in last four digits 1321 ("Account 1321") ("defendant bank funds");[1] and

    b.      Miscellaneous Items that were seized between July 12 and September 20, 2010, from a business that sold cultural antiquities (hereinafter referred to the "business"). The seizures took place at the business's two showrooms in Corona del Mar and Los Angeles, California, the business's warehouse located in Wilmington, California and at the Los Angeles/Long Beach Seaport Port of Entry in Long Beach, California ("LB Port of Entry"). The U.S. Customs and Border Protection ("CBP") Office of Fines, Penalties and Forfeitures (hereinafter "FP&F") seizure case numbers for the Miscellaneous Items are listed below:

        i.      On or about July 12, 2010, at the LB Port of Entry, CBP seized 22 crates of various merchandise described as limestone with a country of origin listed on the importation records declared as Lebanon. The importer of record and ultimate consignee was the business. (FP&F case no.: 2010-2704-001186);

        ii.      On or about July 12, 2010, at the LB Port of Entry, CBP seized nine crates of various merchandise described as limestone with a country of origin listed on the importation records declared as Lebanon. The importer of record and ultimate

---

[1] The bank funds were seized from a Bank of America branch located at 150 N. Long Beach Boulevard, Long Beach, California 90802.

2

consignee was the business. (FP&F case no.: 2010-2704-001189);

   iii. On or about August 3, 2010, ICE seized from the business showroom located in Corona Del Mar, California, 92625, approximately 138 antiquities (FP&F case no.: 2010-2704-000982);

   iv. On or about August 3, 2010, ICE seized from the business showroom located in Los Angeles, California, 90082, approximately 300 antiquities (FP&F case no.: 2010-2704-000983);

   v. On August 3-10, 2010, ICE seized from the business warehouse located in Wilmington, California, 90744, approximately 652 crates of antiquities with a country of origin listed on the importation records declared as Lebanon (FP&F case no.: 2010-2704-000984);

   vi. On or about August 9, 2010, at the LB Port of Entry, CBP seized one crate containing a limestone sink with a country of origin listed on the importation records declared as Lebanon. The importer of record and ultimate consignee was the business. (FP&F case no.: 2010-2704-900022);

   vii. On or about September 20, 2010, at the LB Port of Entry, CBP seized five crates of various merchandise described as limestone with a country of origin listed on the importation records declared as Lebanon. The importer of record and ultimate consignee was the business. (FP&F case number: 2010-2704-900021); and

   viii. On or about September 20, 2010, at the LB Port of Entry, CBP seized 15 crates containing various merchandise described as limestone with a country of origin listed on the importation records declared as Lebanon. The importer of record and ultimate consignee was the business. (FP&F case no.: 2010-2704-900024).

(The assets listed above in par. 5(b)(i)-(viii) are collectively referred to as the "defendant miscellaneous items").[2]

---

[2] On July 13, 2015, this court granted a stipulation to further extend the complaint filing deadline against the bank funds and miscellaneous items until September 28, 2015.
*(footnote cont'd on next page)*

3

6. The defendant bank funds and the defendant miscellaneous items are currently in the custody of the CBP in this District, where they will remain subject to this Court's jurisdiction during the pendency of this action.

7. The interests of Becky Arthur, Kenny Mauer, Archie Dunham, Hank Weeks, Mary Parker, Mike Gino, Gary Levine and Dawn Levine may be adversely affected by these proceedings.

## EVIDENCE SUPPORTING FORFEITURE

8. The seizure of the defendant bank funds and the defendant miscellaneous items stem from an ICE investigation into a business that sold cultural antiquities (hereinafter referred to the "business"). The business had showrooms in Corona del Mar, California and Los Angeles, California.

9. In April 2010, ICE agents visited the business showroom located in Los Angeles and Corona Del Mar in an undercover capacity (the "UC") along with an archaeologist. The archaeologist opined that many of the objects in the showroom were authentic antiquities and likely looted from archaeological sites in Italy, Greece, Turkey, Cyprus, Egypt, and possibly Lebanon and Israel.

10. On or about May 4, 2010, the archaeologist and ICE agents examined four shipping containers imported by the business. The merchandise in the containers was described on entry documents as "stone tiles" with Lebanon listed as the country of origin. After reviewing the contents of these containers, the archaeologist concluded that some of the crates contained 6th century Greek and Roman architectural moldings. The archaeologist stated that other pieces in the containers appeared to be dated from the Byzantine Era to the Renaissance and that many of the pieces exhibited signs of having been looted.

11. On or about May 6, 2010, the UC and the archaeologist visited the business

---

See, In the Matter of the Seizure of $1,146,109.94 in Bank Of America Funds And Miscellaneous Antiquities From Phoenician Stone Imports, Inc., CR. Misc. No. 10-00374.

showroom located in Corona del Mar.  The archaeologist noted that the showroom was filled with what appeared to be authentic artifacts dating from as early as the Bronze Age (2000 to 1300 B.C.).  The archaeologist also believed that many of the items were looted from archaeological sites.  During this visit, the UC and the archaeologist spoke with an employee of the business who was present in the showroom (the "employee").  The employee told the UC and the archaeologist that the business was involved in public archaeological restoration in Cyprus and had received permission from the Cyprus government to remove structures and pieces in order to reclaim the stone.  The employee explained that this was the way the business obtained the items for sale in its showrooms.

12.   On or about August 3, 2010, ICE agents executed a search warrant at the business' showrooms located in Corona Del Mar and Los Angeles.  Agents seized bank deposit slips showing deposit dates, amounts, and names of payors along with business invoices showing purchase dates, descriptions of items purchased, purchase prices paid, and names of buyers.  ICE agents analyzed records for Account 1321 as well as invoices and deposit slips seized from the business, and determined that at least $1,849,394.72 deposited into Account 1321 between August 31, 2009 and July 30, 2010 were proceeds from the sale of stolen and/or smuggled antiquities.

13.   On or about August 9, 2010, ICE agents executed a seizure warrant to seize up to $1,849,394.72 in Account 1321.  The balance of Account 1321 at the time of seizure was $841,883.47.

14.   As outlined above in par. 5(b)(i)-(viii), the defendant miscellaneous items were seized between July 12, 2010 and September 20, 2010 from the business because the miscellaneous items are all believed to be antiquities stolen and/or smuggled into the United States by the business and its owners to be sold.  The importation records that agents found showed that most the miscellaneous items were imported from Lebanon.  Agents confirmed that neither the business nor the business owners had permission from

5

1  Lebanon to dig, export or sell antiquities that were from Lebanon, nor did they have
2  permission to import or export antiquities from other countries through Lebanon.
3      15.  Based on the above, plaintiff alleges that the defendant miscellaneous items
4  constitute or are traceable to violations of 18 U.S.C. §§ 2315 (sale or receipt of stolen
5  goods), 2314 (transportation of stolen goods), 545 (smuggling goods into the United
6  States) and 19 U.S.C. § 2607 (stolen cultural property), and are therefore subject to
7  forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 19 U.S.C. §§ 1595a(c)(1)(A) and
8  2609(a).
9      16.  Based on the above, plaintiff further alleges that the defendant bank funds
10 constitute or are derived from proceeds traceable to the sale and transportation of stolen
11 and/or smuggled antiquities in violation of 18 U.S.C. §§ 2315, 2314 and 545, and are
12 therefore subject to forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 984.
13      WHEREFORE, plaintiff United States of America prays that:
14      (a)  due process issue to enforce the forfeiture of the defendant bank funds and
15 the defendant miscellaneous items;
16      (b)  due notice be given to all interested parties to appear and show cause why
17 forfeiture should not be decreed;
18      (c)  this Court decree forfeiture of the defendant currency to the United States of
19 America for disposition according to law; and

1  (d) for such other and further relief as this Court may deem just and proper,
2  together with the costs and disbursements of this action.

Dated: September 23, 2015                    Respectfully submitted,

EILEEN M. DECKER
United States Attorney
LAWRENCE MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section

*/s/ Katharine Schonbachler*
KATHARINE SCHONBACHLER
Assistant United States Attorney

Attorneys for Plaintiff
United States of America

7

## VERIFICATION

I, Robert P. Thierry, hereby declare that:

1. I am the Fines, Penalties, and Forfeitures Officer with the U.S. Customs and Border Protection for the Los Angeles/Long Beach Seaport Port of Entry and am responsible for the forfeiture matter entitled <u>United States of America v. $573,054.97 in Bank of America Funds and Miscellaneous Items</u>.

2. I have read the above Verified Complaint for Forfeiture and know its contents. It is based upon my own personal knowledge and reports provided to me by other law enforcement agents.

3. Everything contained in the Complaint is true and correct, to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed September 22, 2015 in Long Beach, California.

*/s/ Robert P. Thierry*
Robert P. Thierry

8